# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES NOLAN BUSH, | ) Case No. CV 19-5107-JAK (JPR) |
| Petitioner, | ) ORDER DENYING PETITION AND |
| v. | ) DISMISSING ACTION |
| WARDEN, Lompoc, FCI, | ) |
| Respondent. | ) |

On June 12, 2019, Petitioner, who is housed at the Federal Correctional Institution at Lompoc, filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody, under 28 U.S.C. § 2241. In 2008, he was convicted in the Western District of Washington of one count of securities fraud, eight counts of wire fraud, three counts of mail fraud, and 15 counts of money laundering. See United States v. Bush, 626 F.3d 527, 529, 532-33 (9th Cir. 2010); (see also Pet. at 1-2.)[1] The Ninth Circuit Court of Appeals affirmed his convictions and 30-year sentence.

---

[1] For documents that are not consecutively paginated, the Court uses the pagination generated by its Case Management/ Electronic Case Filing system.

1

Bush, 626 F.3d at 533, 540.

Generally, after a conviction and sentence are final, the only mechanism for a federal prisoner to seek relief from judgment is through 28 U.S.C. § 2255. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Prisoners may file only one § 2255 motion, and only within certain strict time limits. See § 2255(f), (h). Under the "savings clause" of § 2255, however, a prisoner may file a federal habeas petition when it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." § 2255(e). To qualify under that clause, a petitioner must claim he is actually innocent and not have had an "unobstructed procedural shot" at presenting the claim earlier. Harrison v. Ollison, 519 F.3d 952, 959 (9th Cir. 2008). When a federal prisoner files a § 2241 petition, a district court must answer the "threshold jurisdictional question" of whether the petition is properly brought under § 2241 or "is, instead, a disguised § 2255 motion." Marrero v. Ives, 682 F.3d 1190, 1194 (9th Cir. 2012).

Petitioner challenges not his convictions but rather the sentence he received for the securities-fraud violation. (See Pet. at 2-3 (claiming ineffective assistance of counsel for failure to object on ex post facto grounds to 20-year sentence for securities fraud).) Even if that could constitute a claim of actual innocence, but see Marrero, 682 F.3d at 1193 (claim of being actually innocent of enhanced sentence not sufficient for purposes of § 2255's escape hatch), he still would deserve no relief because he cannot show that he has not already had an unobstructed procedural shot at raising his claim.

Petitioner filed a § 2255 motion in his district of conviction, and it was denied on October 25, 2012. See Bush v. United States, No. 11-CV-6060-RBL, 2012 WL 13049885, at *10 (W.D. Wash. Oct. 25, 2012), aff'd 594 F. App'x 389 (9th Cir. 2015). The district court rejected the same claim Petitioner now raises because "[the] retrospective application of the longer sentence did not disadvantage [Petitioner in that t]he Court intended to sentence [him] to thirty years . . . and could have done so by reapportioning the sentences in any number of ways." Id. at *8. Considering that Petitioner "[faced] 360 years in prison, any objection would have been futile, as the Court would have simply reapportioned the sentence." Id. The Ninth Circuit affirmed. See 594 F. App'x at 390 ("Bush has not shown prejudice"). Petitioner does not even attempt to explain why his earlier § 2255 motion was not an "unobstructed procedural shot"; indeed, he never directly mentions it or his unsuccessful appeal.[2] The ban on unauthorized successive § 2255 motions does not by itself render § 2255 inadequate or ineffective. See Stephens v.

---

[2] Petitioner seems to claim that "an intervening decision" permits him to file under § 2241, citing Alaimalo v. United States, 645 F.3d 1042, 1048 (9th Cir. 2011) (holding that legal basis for petitioner's actual-innocence claim was unavailable when he filed direct appeal and § 2255 motion because decision changing applicable law was issued later). (Pet. at 4.) But an intervening decision must "effect a material change in the applicable law" such that an actual-innocence claim was unavailable during the petitioner's first § 2255 motion. See Harrison, 519 F.3d at 960. Petitioner's sentencing claim rests on principles of ex post facto jurisprudence that have been settled for decades. See generally, e.g., Lindsey v. Washington, 301 U.S. 397, 401-02 (1937) (finding that imposition of new, harsher sentencing statute for offenses committed before its enactment violated Ex Post Facto Clause).

Herrera, 464 F.3d 895, 898 (9th Cir. 2006); Ivy v. Pontesso, 328 F.3d 1057, 1060-61 (9th Cir. 2003) (as amended) (affirming dismissal of § 2241 petition when petitioner had unobstructed opportunity to raise innocence claim under § 2255).

Petitioner has not shown that § 2255 is inadequate or ineffective as a means of providing him relief. His § 2241 "petition" is nothing but a disguised § 2255 motion, which was not only filed in the wrong court but is impermissibly successive as well.[3] See § 2255(e), (h); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam). His Petition must therefore be summarily dismissed under Local Rule 72-3.2 for lack of jurisdiction.[4]

ACCORDINGLY, IT IS ORDERED that Petitioner's Petition for a Writ of Habeas Corpus is denied and this action be dismissed.

DATED: July 2, 2019

JOHN A. KRONSTADT
U.S. DISTRICT JUDGE

Presented by:

Jean Rosenbluth
U.S. Magistrate Judge

---

[3] The Court's review of the Ninth Circuit's docket shows that Petitioner has never applied for, much less received, permission to file a successive § 2255 motion. See § 2244(b)(3)(A).

[4] Local Rule 72-3.2 provides that "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief, the Magistrate Judge may prepare a proposed order for summary dismissal and submit it and a proposed judgment to the District Judge."

4